Hillsborough, }
  June, 1900. }

UNITED STATES FIDELITY AND GUARANTY CO. *v.* LINEHAN.

A foreign corporation empowered to act as surety on obligations may be licensed to transact such business in this state, upon complying with the laws relating to foreign insurance companies and their agents, although authorized by its charter to engage in other business.

PETITION, for a writ of *mandamus* to compel the insurance commissioner to license the plaintiffs to engage in the surety business in this state. The plaintiffs allege that they are a Maryland corporation, empowered by their charter to engage, among other things, in the surety business, that they have complied with the laws of this state in relation to foreign surety companies, and are entitled to such a license. The defendant demurs on the ground that he is not authorized to license foreign surety companies whose charters authorize them to engage in any other business.

*Streeter, Walker & Hollis,* for the plaintiffs.

*Edwin G. Eastman,* attorney-general, for the defendant.

YOUNG, J. The defendant admits by his demurrer that the plaintiffs are entitled to a license if they come within the provisions of chapter 172 of the Public Statutes. Section 1 of this chapter provides that "Any surety company incorporated and organized under the laws of any state of the United States other than the state of New Hampshire, for the purpose of transacting business as surety on obligations of persons or corporations, may transact business in this state upon complying with the provisions of all laws relating to foreign insurance companies and their agents, and not otherwise." If this language is given its ordinary meaning, it includes all corporations which are empowered to engage in the surety business; and there is nothing in this chapter which shows that the legislature intended to exclude such companies because they were authorized to engage in other branches of business, or that they intended to make anything except compliance with the laws relating to foreign insurance companies an indispensable prerequisite for obtaining a license to do business in this state.

*Demurrer overruled*

All concurred.